UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DARREN FREDERICK RANDALL,

        Petitioner,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,

        Respondent.

Case No. 2:17-CV-00514-CWD

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Currently pending before the Court for its consideration is Darren Frederick Randall's Petition for Review of the Respondent's denial of social security benefits, filed December 20, 2017. (Dkt. 1.) The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, and the administrative record, and for the reasons that follow, will remand this matter to the Commissioner to obtain a consultative psychological exam consistent with this opinion.

## PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for Title II Disability Insurance Benefits on July 12, 2014, claiming disability due to the effects of fractured discs in his back, bilateral hand impairments, a heart murmur, injury to his left foot, and dyslexia. This application was denied initially and on reconsideration, and a hearing was held on October 3, 2016, before Administrative Law Judge (ALJ) Stewart Stallings. After hearing testimony from Petitioner and vocational expert Polly A. Peterson, ALJ Stallings issued a decision finding Petitioner disabled on February 23, 2017. However, on April 13, 2017, the Appeals Council sent notice of their review of the ALJ's decision pursuant to 20 C.F.R. 404.969. The Appeals Council found the ALJ's decision contained an error of law and the actions, findings or conclusions made therein were not supported by substantial evidence. Petitioner timely submitted additional statements and evidence for the Appeals Council, which considered the information but found the statements and evidence did not provide a basis for changing its decision.

Petitioner appealed this final decision to the Court. The Court has jurisdiction to review the Appeals Council's decision pursuant to 42 U.S.C. § 405(g).

At the time the Appeals Council's notice of review, Petitioner was 45 years of age. Petitioner did not graduate from high school but later obtained his GED; he also completed a classroom driving and training course to obtain his Class A license in 2004. Petitioner's prior employment experience includes driving a waste management truck.

**MEMORANDUM DECISION AND ORDER – 2**

# SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantial gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since his alleged onset date of August 20, 2010. At step two[1], it must be determined whether the claimant suffers from a severe impairment. The ALJ found Petitioner's degenerative disc disease, left wrist arthroscopy, right hand torn tendons and ligaments, anxiety, and personality disorder severe within the meaning of the Regulations.

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments, specifically considering 20 C.F.R. Section 404.1520(d), Section 404.1525, and Section 404.1526. If a claimant's impairments do not meet or equal a listing, the ALJ must assess the claimant's residual functional capacity (RFC) and determine, at step four, whether the claimant has demonstrated an inability to perform past relevant work.

The ALJ found that, from August 20, 2010 through July 25, 2015, the date Petitioner became disabled, that Petitioner had the RFC to perform sedentary work as defined in 20 C.F.R. Section 404.1567(a), with restrictions, including no more than brief

---

[1] As discussed further herein, the Appeals Council found the ALJ committed error at step two in finding Petitioner's anxiety and personality disorder severe.

**MEMORANDUM DECISION AND ORDER – 3**

superficial interaction with the public and coworkers, no teamwork, and only occasional contact with supervisors. The ALJ next found Petitioner was not disabled for the period on or before July 25, 2015, by applying the framework of Medical Vocational Rule 201.28. However, for the period beginning July 25, 2015, the ALJ found the claimant could perform sedentary work as defined in 20 C.F.R. Section 404.1567(a), with restrictions, which included one to two unscheduled absences from work every month. Based on this assessment, the ALJ found Petitioner disabled beginning July 25, 2015.

As stated above, on April 13, 2017, the Appeals Council sent notice of its review of the ALJ's decision pursuant to 20 C.F.R. 404.969. The Appeals Council found the ALJ's decision contained an error of law, and the actions, findings or conclusions made by the ALJ were not supported by substantial evidence. In its decision, the Appeals Council found Petitioner had to establish disability on or before December 31, 2015—as that was the date of last insured. (AR 5.) The Appeals Council found the ALJ erred at step two by finding Petitioner had severe medically determinable mental impairments, because the ALJ made the finding without the support of objective medical evidence from an acceptable medical source. (AR 5, *citing* 20 C.F.R. § 404.152, § 404.1529, and Social Security Rulings 96-3p and 96-4p).

After its own review of the record, including multiple additional supplemental statements submitted by Petitioner supporting his claims of mental impairment, the Appeals Council found Petitioner had not established a medically determinable mental impairment that could reasonably result in the mental symptoms alleged, and that his

**MEMORANDUM DECISION AND ORDER – 4**

allegations of disabling symptoms from mental impairments were not supported by or consistent with the evidence of record. (AR 10.)

The Appeals Council ultimately found Petitioner was not under a disability at any time during the period between August 20, 2010 and December 31, 2015—the date he was last insured for a period of disability and disability insurance benefits.[2]

## STANDARD OF REVIEW

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the Petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453,

---

[2] The Court's review of the Appeals Council's decision is constrained to the portion challenged by Petitioner—that being the Appeals Council's denial of his requests for a consultative psychological examination related to step two findings regarding his alleged severe mental impairments.

**MEMORANDUM DECISION AND ORDER – 5**

1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

Furthermore, a Court may not reverse a decision of the Commissioner for errors that are harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). An error is harmless when it is inconsequential to the ultimate determination of whether a claimant is disabled. *Stout v. Comm'r of SSA*, 454 F.3d 1050, 1055 (9th Cir. 2006).

Within sixty days of the date of an ALJ's decision, "the Appeals Council may decide on its own motion to review the action that was taken." 20 C.F.R. § 404.969. "The Appeals Council has authority to review the merits of the ALJ's determination of disability and is "not required to adopt the particular findings of the ALJ even if those findings were supported by substantial evidence." *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). A decision is not final until the Appeals Council either denies review or assumes jurisdiction and issues its own decision. 20 C.F.R. § 404.955. Where the Appeals Council vacates the ALJ's decision and issues its own decision, the Appeals Council's decision becomes the Commissioner's final decision. 20 C.F.R. §§ 404.969, 404.979. On appeal, the task of the district court is to "review the decision of the Appeals

**MEMORANDUM DECISION AND ORDER – 6**

Council under the substantial evidence standard, not the decision of the ALJ." *Howard v. Heckler*, 782 F.2d 1484, 1487 (9th Cir. 1986)." *Tyrone v. Berryhill*, No. 2:18-CV-01944-KES, 2019 WL 718112, at *3 (C.D. Cal. Feb. 20, 2019).

## DISCUSSION

Petitioner believes the Appeals Council erred in finding his mental impairments are not medically determinable. Specifically, Petitioner argues that the Appeals Council unreasonably denied his repeated requests for a consultative psychological examination, and thereby did not fulfill its duty to further develop the record. Petitioner asserts the Appeals Council's decision was harmful error, as it resulted in the denial of benefits. Petitioner highlights also that it is undisputed Petitioner could not afford to pay for a psychological examination on his own because he was without insurance coverage and did not otherwise have the money to pay for the examination.

In turn, Respondent argues that the Appeals Council did not so err because the record was complete. In the alternative, Respondent asserts that Petitioner's onset date could not have been inferred by the later-made consultative psychological examination Petitioner requested, because any examination could not reach back and determine Petitioner's mental health nearly two years earlier. The Court discusses the merits of these arguments below.

1. **Petitioner's Requests for a Consultative Psychological Examination**

As set forth above, Petitioner argues the Appeals Council committed legal error by failing to order a consultative psychological examination to further develop the record as

**MEMORANDUM DECISION AND ORDER – 7**

required by Social Security Ruling 1983-20 (83-20).[3] Notably, Social Security regulation 20 C.F.R. Section 404.1519a requires the Secretary to order a consultative examination only in certain situations. The Court will analyze the Appeals Council's decision to deny a consultative psychological examination of Petitioner through a review of Ruling 83-20's requirements and the consultative examination requirement of Section 404.1519a.

Ruling 83-20 is relevant to this case, because it "sets forth guidelines for determining the onset date of disability." *Sam v. Astrue*, 550 F.3d 808, 810 (9th Cir. 2008). Here, the Appeals Council found the record evidence did not establish a severe, medically determinable mental impairment during the relevant period at issue from the Petitioner's disability onset date of August 20, 2010, to or before December 31, 2015, his date of last insured. (AR 6.) Ruling 83-20 promulgates the "policy and describe[s] the relevant evidence to be considered by establishing the onset date of disability under the provisions of … the Social Security Act … and implementing regulations." SSR 83–20, Purpose. The correct determination of the onset date of disability is critical, because it may affect the period for which the claimant can be paid and can even determine whether an individual is entitled for benefits. *Martin v. Shalala*, 927 F. Supp. 536, 541–42 (D.N.H. 1995); *see also* SSR 83–20.

As stated briefly above, the Appeals Council found the record evidence did not establish Petitioner had a mental impairment during the relevant period. The Appeals

---

[3] SSR 82-20 was rescinded and replaced October 2, 2018 by SSR 18-1p and SSR 18-2p. The replacement was effective as of October 2, 2018. As such, SSR 82-20 governed the actions applicable to Petitioner's case.

**MEMORANDUM DECISION AND ORDER – 8**

Council based its decision on a review of the objective medical records and a psychiatric evaluation from October 6, 2016. (AR 5-6.) The Appeals Council first noted that Petitioner reported anxiety and attention deficit hyperactivity disorder in July 2015, when he established care at Regency Urgent Care. At that visit, Petitioner reported also that he had been last seen by a doctor in 2010.[4] The Appeals Council also reviewed the 2016 psychiatric examination of Pamela Ven Der Does, LCPC, CMHC, which assessed Petitioner with autistic disorder and possible schizophrenia. The Appeals Council found the report was of limited probative value because it did not establish Petitioner's conditions prior to his date of last insured, because the Petitioner's presentation during evaluation was "significantly inconsistent with his presentation to any doctor" during the relevant period, and because he stated in the evaluation that he needed to have one done to secure disability benefits. (AR 6.)

According to Rule 83-20, "[f]actors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence." SSR 1983-20. With disabilities of non-traumatic origin, the Commissioner also considers other evidence concerning impairment severity. *Id.* Notably, in the case of progressive impairment, including mental impairments like Petitioner's, the Rule notes that "it is sometimes impossible to obtain medical evidence establishing the precise date an impairment becomes disabling." *Id.*

---

[4] Other than this objective medical record, the Appeals Council correctly noted that there are few references in the record about Petitioner's mental impairments.

**MEMORANDUM DECISION AND ORDER – 9**

The Rule states further that determination of "proper onset date is particularly difficult, when, for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available." *Id.* In such cases, the Rule advises "it will be necessary to infer the onset date from the medical and other evidence..." *Id.* The Rule provides also that, "it may be possible, based on the medical evidence, to reasonably infer that the onset of a disabling impairment occurred sometime prior to the date of the first ordered medical examination, e.g. the date the claimant stopped working." *Id.*

This gets at the crux of the Appeals Council's reasoning for denying Petitioner's requests for a consultative examination. In addition to reviewing the objective medical evidence and the psychiatric examination by Dr. Van Der Does, the Appeals Council considered statements that contained evidence of Petitioner's mental impairments. These statements were submitted to the Appeals Council by Petitioner's attorney on May 6, 2017, May 19, 2017, and June 24, 2017. (AR 8.) In each statement, Petitioner argued his case should be remanded to obtain a consultative psychological examination to further develop the record as to his mental impairments during the relevant period.

The Appeals Council found, however, that any such examination would be a one-time examination, nearly two years later (than the date last insured), and "would not reasonably provide probative and relevant evidence of the claimant's functioning during the period at issue…" (AR 8.) However, as stated above, Ruling 83–20 expressly provides that, in the case of progressive impairments, "it is sometimes impossible to obtain medical evidence establishing the precise date an impairment becomes disabling."

**MEMORANDUM DECISION AND ORDER – 10**

*Id.* Accordingly, the Court finds that Appeals Council's reasoning that a later-made consultative examination would have no reliable value in determining whether Petitioner was suffering from a mental impairment during the relevant period is not a legally sufficient reason to deny a consultative examination for a mental impairment.

The Appeals Council further justified its decision to deny Petitioner's requests for a consultative examination because much of the evidence supplied in Petitioner's supplemental statements was from a period nearly 20 years prior. (AR 9.) Because the evidence was from decades prior, the Council found it did not provide a basis to change its findings.

Rule 83-20 provides guidance specifically relevant to this type of evidence:

If reasonable inferences about the progression of the impairment cannot be made on the basis of the evidence in the file and additional relevant medical evidence is not available, it may be necessary to explore other sources of documentation. Information may be obtained from family members, friends, and former employers to ascertain why medical evidence is not available for the pertinent period and to furnish additional evidence regarding the court of the individual's condition.

To this end, Petitioner submitted records showing a lengthy history of childhood trauma, including neglect, abuse, and abandonment. (AR 306; 320; 322) At one point, Petitioner was homeless and lived alone in an airport. *Id.* at 306. Petitioner was also hospitalized in the California State Hospital system as a child for psychiatric care. (AR 319.) Petitioner argues these records show that, although he had been able to recover to a certain extent and work successfully as an adult for a time, additional traumatic medical events, such as a fall at work and a motorcycle accident, resulted in physical pain and

**MEMORANDUM DECISION AND ORDER – 11**

limitations that exacerbated his ongoing mental impairments. According to Petitioner, these impairments resulted in explosive anger, thoughts of violence toward others, and associated work-related limitations.

The record contains some support for this progression of Petitioner's mental health limitations. For example, in an exertional activities questionnaire dated August 13, 2014, Petitioner reported that his pain made him feel agitated. (AR 306.) In a disability report dated January 1, 2015, Petitioner reported becoming easily agitated dur to constant pain in his hands and back. (AR 268.) According to a statement provided by Petitioner's attorney, Petitioner was suspended approximately five times during his last year working for the waste management company for issues related to his agitation and explosive anger. (AR 306.) Petitioner argues these records are supported by an examination in July 2015, when he was diagnosed with anxiety. (AR 392.)

Petitioner's case is one described in Rule 83-20—where additional medical records were not available to document the origin or progression of his mental impairments. Although the evidence of Petitioner's childhood trauma and later work history could not provide an independent basis to support a finding regarding the onset of Petitioner's mental impairments, Rule 83-20 provides that it was necessary for the Appeals Council to consider these other sources documenting the origin or progression of Petitioner's mental impairments. For these reasons, the Court finds the Appeals Council failed to properly consider this other evidence in line with Rule 83-20.

However, as also indicated above, an inquiry into the question of whether the

**MEMORANDUM DECISION AND ORDER – 12**

Appeals Council had a duty to further develop the record regarding Petitioner's alleged mental impairments involves not only Ruling 83-20, but also 20 C.F.R. Section 404.1519(a)(b), entitled, "[w]hen we will purchase a consultative examination and how we will use it." The pertinent portions of the regulation provide as follows:

> (b) Situations that may require a consultative examination. We may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim. Some examples of when we might purchase a consultative examination to secure needed medical evidence, such as clinical findings, laboratory tests, a diagnosis, or prognosis, include but are not limited to:
>
> > (1) The additional evidence needed is not contained in the records of your medical sources;
> > (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;
> >
> > (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources; or
> >
> > (4) There is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established.

20 C.F.R. § 404.1519a

Therefore, the secondary question to be determined by the Court is whether the Appeals Council had a duty to order the consultative examination pursuant to 20 C.F.R. Section 404.1519(a)(b). A "consultative evaluation becomes necessary only when the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment." *Brock*, 84 F.3d 726, 728. "The Secretary has broad latitude in ordering

**MEMORANDUM DECISION AND ORDER – 13**

consultative examinations." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). "The ALJ does not have to exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning." *Id.* at 1168. "The standard is one of reasonably good judgment." *Id. Miller v. Colvin*, 2015 WL 13732657, at *4 (D. Utah Dec. 2, 2015), report and recommendation adopted, 2016 WL 1117442 (D. Utah Mar. 22, 2016) (*citing Hawkins* at 1167-68).

In *Hawkins*, the Court of Appeals for the Tenth Circuit found the claimant's medical records contained notations that she may have been suffering from two specific heart conditions. *Hawkins* at 1165-66. There were also objective medical records that showed abnormal EKG results. *Id.* Based on these records, the Court found that the ALJ had a duty to order a consultative examination.

In *Miller*, the United States District Court for the District of Utah distinguished *Hawkins*, finding the duty to order a consultative examination is not triggered *unless* a claimant provides objective medical evidence to suggest an impairment exists. *Miller v. Colvin*, 2015 WL 13732657, at *5 (D. Utah Dec. 2, 2015). There, the claimant failed to provide objective evidence of her alleged migraine headaches near the time of her alleged disability onset date. *Id.* For this reason, the court found that the ALJ acted within her considerable discretion in not ordering a consultative exam to explore the claimant's allegations of migraines. *Id.*

In this case, the objective medical evidence regarding Petitioner's mental limitations is indeed scarce. However, as set forth above, a consultative evaluation

**MEMORANDUM DECISION AND ORDER – 14**

becomes necessary when "the claimant presents evidence sufficient to raise a suspicion concerning a non-exertional impairment." *Brock*, 84 F.3d 726, 728.

Petitioner was diagnosed with anxiety on July 27, 2015, which was within the relevant time period given his date of last insured was December 31, 2015. (AR 306; 392.) Additionally, Petitioner did allege dyslexia as a disabling mental impairment on his application for benefits. Review of the record shows some evidence of his dyslexia affecting his ability to complete activities of daily living. For example, the handwritten reports submitted as a part of Petitioner's application were transcribed by Petitioner's wife due to Petitioner's alleged inability to effectively fill them out himself. Also, as mentioned above, Petitioner underwent a psychiatric examination by Dr. Van Der Does on October 5, 2016. At that time, he was diagnosed with autistic disorder and possible schizophrenia. (AR 527.)

The Appeals Council assigned the opinions in the report little weight in part because they were based solely on the self-reports of Petitioner. The report states that Petitioner had difficulty communicating, was argumentative, did not get along well with others, had anger issues, and lacked ability to resolve conflict. (AR 527-28.) Although the Appeals Council's reason for discrediting the opinion is potentially valid in the context of making a disability determination, when viewed in the context of deciding whether to order a consultative examination, the value of the report changes.

The Court finds that, when the record as a whole is considered, in combination with the supplemental evidence presented by Petitioner regarding his social history,

**MEMORANDUM DECISION AND ORDER – 15**

including evidence of severe childhood trauma and later work-related issues tied to Petitioner's mental limitations, the evidence is sufficient to raise a suspicion concerning a non-exertional mental impairment. And, as provided above, the Court finds the fact that a current examination would necessarily be backward-looking is not a reason sufficient to deny a claimant's request for a consultative psychological examination—as underscored by Rule 83-20.

As such, the Appeals Council's explanation for repeated denials of Petitioner's requests for a consultative examination[5] was not reasonable, when, as Petitioner testified, it was difficult for him to access mental health treatment due to his lack of insurance coverage during the relevant period.[6] (AR 59-60.) In the realm of Social Security law, it is well established that "benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds." *Moody v. Berryhill*, No. 16-CV-03646-JSC, 2017 WL 3215353, at *10 (N.D. Cal. July 28, 2017) (citations omitted).

The Court finds the Appeals Council unreasonably denied Petitioner's request for a consultative psychological examination and thereby did not fulfill its duty to fully develop the record under the regulations discussed above. The Court finds further that the Appeals Council's decision did not constitute harmless error, as it resulted in the denial

---

[5] The Court notes that Petitioner made up to four written requests to the Appeals Council for a consultative examination, each time supplying more information and evidence regarding Petitioner's mental impairments. (*See* Dkt. 306-25.)

[6] Petitioner's lack of insurance in the relevant period is not disputed by Respondent and there is ample evidence in the record to support this fact. (*See e.g.* AR 311; 356; 364.)

**MEMORANDUM DECISION AND ORDER – 16**

of benefits after the ALJ had determined Petitioner was disabled. The Court will reverse and remand to the Commissioner for further proceedings consistent with this opinion.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Petition for Review (Dkt. 1) is **GRANTED**.

2) This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3) This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: March 29, 2019

Candy W. Dale
U.S. Magistrate Judge